Glenn S. KELLOGG, et al., Plaintiffs,

v.

John W. SHOEMAKER,
et al., Defendants.

Civil Action No. 2–90–606.

United States District Court,
S.D. Ohio,
Eastern Division.

June 3, 1996.

David Bodiker, Ohio Public Defender Commission, Columbus, OH, for Lawrence Dessenberg, Robert Donley, Michael N.M.N. Jones, Michael Karhoff and Daniel Schreiber.

Steven W. Ritz, Mazanec Raskin & Ryder Co. L.P.A., Cleveland, OH, Charles L. Wille, Assistant Attorney General, Capital Crimes Section, Columbus, OH, for John W. Shoemaker.

Cordelia Arretta Glenn, Ohio Attorney General, Corrections Litigation, Columbus, OH, for Raymond E. Capots, George A. Bustamonte, Margarette T. Ghee, H. Richard Gooch, Gloria R. Andrews, William E. Hudson, Owen J. Barnes, Robert E. Smith, Frederick E. Rambacker and Jill Goldhart.

### ORDER APPROVING PROPOSED CONSENT DECREE

DLOTT, District Judge.

This is a civil rights action instituted under the provisions of 42 U.S.C. § 1983 by certain inmates of the State of Ohio whose parole has been revoked by the Ohio Adult Parole Authority by reason of the inmates' conviction of a subsequent felony committed while on parole. The complaint sought declaratory and injunctive relief, alleging that the named plaintiffs and the class they sought to represent were denied their rights to procedural due process under the Fourteenth Amendment to the United States Constitution during the course of their final parole revocation proceedings. A plaintiff class was originally certified under Fed.R.Civ.P. 23(b)(2), consisting of parolees whose parole has been or will be revoked because they have been convicted of a subsequent felony committed while on parole.

The regulation governing parole revocation procedures for such parolees, Ohio Administrative Code § 5120:1–1–19, was withdrawn during the course of this litigation. The promulgation of a new regulation, Ohio Administrative Code § 5120:1–1–21, rendered moot the claims of all members of the class but those who committed their "initial crime," (i.e., the crime from which the inmate was paroled), prior to the date of promul-

gation of the new regulation. *Kellogg v. Shoemaker*, 46 F.3d 503 (6th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 120, 133 L.Ed.2d 70 (1995). As to these members, the Sixth Circuit held that they are entitled to a meaningful hearing that comports with the requirements of the due process clause as described by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *Kellogg*, 46 F.3d at 510.

This matter is now before the Court, pursuant to the provisions of Fed.R.Civ.P. 23(e), on the joint motion of the parties to approve the proposed consent decree. The proposed consent decree implements the Sixth Circuit's decision in *Kellogg* by requiring the Ohio Adult Parole Authority to develop a procedure to review all cases coming before its panels and to identify all class members whose parole has been revoked after September 1, 1992, without a proper mitigation hearing. After identifying these individuals, Defendants will advise each class member in writing of his or her right to a mitigation hearing in accordance with *Morrissey v. Brewer*, and his or her option to voluntarily waive that right. If the class member chooses not to waive this right, a hearing will be scheduled approximately 30 calendar days later, thereby allowing the class member time to prepare and consult with the Ohio Public Defender's Office or private counsel.

On January 17, 1996, this Court issued an Order preliminarily approving the proposed decree and notice, and directing the parties to provide notice to class members in accordance with terms of the decree and pursuant to Fed.R.Civ.P. 23(e). A fairness hearing was set for March 27, 1996. Shortly before the March hearing, it was brought to the Court's attention that there were infirmities in the process by which class members were receiving notice of the decree.

Magistrate Judge King held a status conference with the parties on March 27, 1996, to discuss these infirmities. On April 8, 1996, this Court once again issued an order directing the parties to provide notice to class members and postponing the hearing in this matter until May 28, 1996. On April 15, 1996, counsel for the State of Ohio certified to the Court that—as of that day—notice had been posted at 25 of the 28 penal institutions in the State of Ohio and steps were being taken to confirm the posting at the remaining three institutions. This Court is satisfied that any original problems with the notice procedure were remedied and that adequate notice has been provided to members of the class in accordance with the terms of the decree and Rule 23(e).

◼ A District Court may approve a settlement of a class action if the Court determines, after a hearing, that the settlement is fair, adequate, and reasonable, as well as consistent with the public interest. *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38 (6th Cir.1990); *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348 (6th Cir.1986); *Williams v. Vukovich*, 720 F.2d 909 (6th Cir.1983).

◼ The Court has carefully considered the terms of the proposed consent decree, a copy of which is attached as Appendix A, the joint motion of the parties to approve the proposed consent decree, the contentions of counsel presented at the fairness hearing, and the responses submitted by certain Ohio inmates to the proposed consent decree.[1] It

---

1. The Court received approximately 46 letters from Ohio inmates. These letters can be broken down into four broad categories: letters from persons who do not appear to be members of the class; letters from individuals making general inquiry into the case, generally seeking review of their particular revocation, or expressly invoking the procedures set forth in the proposed consent decree; letters from persons seeking the appointment of the Ohio Public Defender; and letters from individuals who object to the decree on the basis that it provides only future injunctive relief and not retroactive relief in the form of release from confinement or compensatory damages.

Finally, the Court received the objection of an individual who objected to the decree because it fails to establish specific criteria for revocation and a procedure for appeal.

The Court finds that none of these objections warrant rejection or amendment of the proposed decree. A claim under 42 U.S.C. § 1983 seeking compensatory damages based upon unlawful imprisonment must await habeas corpus proceedings. *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Hadley v. Werner*, 753 F.2d 514 (6th Cir.1985); *see also Kellogg*, 46 F.3d at 507. This litigation and the consent decree are aimed at safeguarding constitutionally

is the conclusion of this Court that the proposed consent decree is fair, adequate and reasonable and, furthermore, is consistent with the public interest. The Court therefore **ADOPTS** the proposed consent decree.

The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

## APPENDIX

IN THE UNITED STATES
DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF OHIO
EASTERN DIVISION

Glenn S. Kellogg, et al., Plaintiffs,

v.

John W. Shoemaker, et al., Defendants.

### CONSENT DECREE

### I. INTRODUCTION

a. This is a class action brought under 42 U.S.C. 1983 seeking prospective declaratory and injunctive relief.

b. This Court has jurisdiction over this class action pursuant to 28 U.S.C. 1331 and 1343(a)(3).

c. On July 17, 1992, this Court certified this action as a class action under Rule 23(b)(2), Federal Rules of Civil Procedure.

### II. PARTIES

a. The representative Plaintiffs are Lawrence Dessenberg, Robert Donley, Michael Jones, Michael Karhoff, Daniel Schreiber, Glenn Kellogg, Lani Smith, and John Stamper.

b. The Defendants named in Plaintiff's amended complaint filed on December 9, 1992 are: John W. Shoemaker, former Chief of the Ohio Adult Parole Authority; Raymond E. Capots, Chairman, Ohio Parole Board; George A. Bustamante, Member, Ohio Parole Board; Owen J. Barnes, Member, Ohio Parole Board; Margarette T. Ghee, Member, Ohio Parole Board; Frederick E. Rambacher, Member, Ohio Parole Board; William E. Hudson, Member, Ohio Parole Board; Robert E. Smith, Member, Ohio Parole Board; H. Richard Gooch, Member, Ohio Parole Board; and, Gloria R. Andrews, Member, Ohio Parole Board.

### III. GENERAL PROVISIONS

a. This Consent Decree resolves all issues between Plaintiff class and the Defendants arising out of the claims for declaratory and injunctive relief set forth in Plaintiff's amended complaint of December 9, 1992.

b. The terms of the Consent Decree shall be applicable to and binding upon the Plaintiff class and the Defendants in their official capacities, and their successors.

c. By entering into this Consent Decree, the Defendants do not admit to any liability regarding the allegations asserted in this action. Moreover, this Consent Decree may not be used as evidence of liability in any other legal proceeding.

d. Since both parties have participated in the drafting of this Consent Decree, the rule that a document is interpreted against the party who drafts the document shall not apply.

### IV. SCOPE OF THE CONSENT DECREE

a. This Consent Decree applies to the class of persons who are paroled for an offense committed prior to September 1, 1992, who are subsequently convicted of committing a felony while on parole, and whose parole is subject to revocation under Section 5120:1-1-21 of the Ohio Administrative Code. September 1, 1992, is the effective date of Section 5120:1-1-21 of the Ohio Administrative Code.

b. It is the intent of this Consent Decree to provide a hearing to persons in the class

required procedures, rather than placing substantive restrictions on the decisions of parole officials. Finally, although it is true that the decree does not establish an appeal process, such a requirement is not constitutionally required.

*See e.g., Ortwein v. Schwab,* 410 U.S. 656, 660, 93 S.Ct. 1172, 1174, 35 L.Ed.2d 572 (1973) ("This Court has long recognized that, even in criminal cases, due process does not require a State to provide an appellate system.").

defined in Paragraph IV(a) above solely for the purpose of presenting mitigating evidence and argument. For the purposes of this Consent Decree, "mitigation evidence" means evidence relevant to the question whether there are substantial reasons which justified or mitigated the violation and make revocation inappropriate. Class members may not relitigate the new felony conviction at the mitigation hearing.

c. The procedures set forth in Paragraph V, below, satisfy the minimum requirements of due process to which the class members are entitled and will allow Defendants to carry out their duties under section 2967.15(B) of the Ohio Revised Code in compliance with *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

## V. TERMS OF THE DECREE

a. The parties agree that members of the class are entitled to the following procedural due process guarantees in the revocation of their paroles:

1. The right to a mitigation hearing to determine whether revocation of parole is appropriate;

2. The right to notice of the hearing with sufficient time to subpoena documentary or testimonial mitigation evidence;

3. The right to advance notice of the class member's rights at the hearing;

4. The right to subpoena mitigation evidence, both documentary and testimonial, for submission at the hearing;

5. The right of the class member to appear at the hearing and speak on his or her own behalf, to present documentary and testimonial mitigation evidence; nothing in this paragraph limits the authority of the Hearing Officer to place reasonable limitations on the presentation of cumulative evidence, and to exclude irrelevant evidence;

6. Where the class member alleges that there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and the reasons are complex or otherwise difficult for the class member to develop or present, the right to be represented by the Ohio Public Defender or private counsel (at the member's expense); and

7. The right to have the Ohio Parole Board (hereinafter OPB) Hearing officer and the Ohio Parole Board meaningfully consider the mitigation evidence as part of their deliberation process when determining whether the class member's parole should be revoked.

b. Representation by counsel at the mitigation hearing will be by the office of Ohio Public Defender, or by private counsel at the class member's expense. Counsel may appear on behalf of the class member where counsel certifies that there are substantial reasons which justified or mitigated the violation and make revocation inappropriate and that the reasons are complex or otherwise difficult to develop or present. The OPB Hearing Officer and the Ohio Parole Board shall not construe counsel's failure to make such a certification as an indication that the class member's substantive mitigation claims lack merit.

c. Each class member may choose knowingly, intelligently, and voluntarily to waive his or her mitigation hearing. The waiver of the right to a mitigation hearing shall be in writing and shall not be accepted by the OPB Hearing Officer unless the class member has first been advised in writing (and orally if the class member is illiterate) of the rights set forth in Paragraph V(a) above.

d. If the class member does not waive a mitigation hearing, the OPB Hearing Officer shall give a minimum of seven (7) calendar days notice prior to holding a mitigation hearing. The class member will be provided a realistic opportunity to subpoena witnesses in mitigation and documentary mitigation information. The OPB Hearing Officer may grant reasonable continuances upon good cause shown.

e. After meaningful consideration of the mitigation evidence presented at the hearing, the OPB Hearing Officer will submit a written recommendation concerning revocation or return to parole status to the Ohio Parole Board. A copy of the recommendation will

be provided to the class member. The fact that the class member is serving a new sentence does not require the OPB Hearing Officer or the Ohio Parole Board to revoke the class member's parole.

f. The Ohio Parole Board may either approve, modify or disapprove the recommendation of the OPB Hearing Officer. The class member will be advised in writing of the Ohio Parole Board's decision.

g. In furtherance of the intent of this Decree, the Defendants have identified potential members of the Plaintiff class whose paroles were revoked on or after March 1, 1995.

An Ohio Parole Board (OPB) Hearing Officer will promptly review the case file of each potential class member so identified to confirm that the person's original offense was committed prior to September 1, 1992, and that the person subsequently was convicted of a felony committed while on parole for that offense. Defendants will promptly provide each person so identified as a class member with the hearing required under Paragraphs IV(b) and V(a) of this Consent Decree.

h. The Ohio Parole Board will establish procedures to review all cases that come before its panels to identify any member of the class defined in Paragraph IV(a). When a class member is identified, Defendants will promptly advise the class member in writing (and orally if the class member is illiterate) of the class member's rights set forth in Paragraph V(a) above, and of the right knowingly, intelligently and voluntarily to waive the right to a mitigation hearing. The waiver shall be made in writing and shall be noted in the records of the Ohio Parole Board.

i. Should any class member identified pursuant to Paragraph V(h) above not waive the mitigation hearing, the mitigation hearing will be scheduled for the following month when the Ohio Parole Board normally sees inmates at the institution. This will give the class member approximately thirty (30) calendar days to either meet with the Ohio Public Defender's Office or private counsel, if warranted, and prepare for his/her mitigation hearing.

## VI. CONTINUING JURISDICTION AND MODIFICATION

a. The parties agree that it may be appropriate that this Consent Decree be modified or terminated in the future, with the approval of the Court. The Court retains jurisdiction over this Consent Decree for the purpose of its enforcement. Counsel for Plaintiffs may request information from Defendants concerning the operation of this Consent Decree. Defendants shall cooperate fully with Counsel for Plaintiffs in providing information, including allowing the Ohio Public Defender to examine and obtain free copies of records and documents in Defendant's possession reasonably related to the operation of the Consent Decree.

b. Defendants and their successors agree to abide by the terms of this Consent Decree unless it is modified or terminated by the Court, or unless the Decree is modified by the written agreement of the parties filed with the Court. Either party may move the Court to modify or terminate this Consent Decree. Defendants specifically agree not to modify any of the procedures set forth in this Consent Decree for any reason unless all of the following requirements have been satisfied: (1) Defendants file a motion to modify or terminate the Consent Decree; (2) Ten days prior to the filing of a motion to modify or terminate, Defendants provide the Ohio Public Defender written notice of Defendants' intention to modify or terminate the procedures and of the nature or cause of the proposed modifications or termination; and (3) the Court, after providing the Ohio Public Defender an opportunity to be heard on a proposed modification or termination, enters a preliminary order allowing Defendants to proceed with the proposed changes pending a final ruling on the motion.

## VII. NOTICE OF CONSENT DECREE AND AMENDMENT OF OHIO ADMINISTRATIVE CODE

a. Defendants will undertake the following steps to ensure that all members of the

class receive notice of the provisions of this Consent Decree:

1. Train OPB members and Hearing Officers with respect to the procedures set forth in the Consent Decree;

2. Provide copies of the Consent Decree to senior Ohio Adult Parole Authority officials, all OPB members, and all OPB Hearing Officers;

3. Agree to publication of the Consent Decree as an addendum or appendix to the Court's reported decision in the case; and

4. Maintain copies of the Consent Decree in the law libraries, warden's offices, records offices, and housing units of all institutions.

b. Defendants will undertake to amend Ohio Administrative Code (OAC) Section 5120:1–1–21 to include the following provision: "The foregoing procedures do not apply to the class identified in the Consent Decree appended to the reported decision of *Kellogg, et al. v. Shoemaker, et al.,* Case Number 2–90–CV–606, United States District Court for the Southern District of Ohio. The procedures for this class are set forth in that Consent Decree."

/s/ David H. Bodiker

COUNSEL FOR PLAINTIFFS
David H. Bodiker (0016590) Ohio Public Defender

/s/ Cordelia A. Glenn

COUNSEL FOR DEFENDANTS
Cordelia A. Glenn (0029355) Assistant Attorney General

SO ORDERED this 3rd day June, 1996.