OPINION AND JOURNAL ENTRY
This timely appeal arises out of the trial court's dismissal of appellant's petition for a writ of habeas corpus. Appellant's allegations are without merit and the decision of the trial court is affirmed.
The facts indicate that appellant was originally sentenced to a term of two to ten years incarceration on or about July 13, 1974. Appellant was paroled on July 7, 1976. While on parole appellant was convicted of Burglary, sentenced and his parole revoked. On August 2, 1995, appellant was again paroled. On May 17, 1996, appellant was arrested again on three charges and sentenced, after a guilty plea, on December 6, 1996 to an additional six month sentence. After the December 6th guilty plea, appellant was sent to the Lorain Correctional Institution on an Adult Parole Authority Detainer, and later transferred to the Noble Correctional Institution.
On October 10, 1997, appellant filed a petition for a writ of habeas corpus in the Noble County Common Pleas Court. In his petition appellant basically alleged that he never received notice of his parole violations, was never given an "on-site" parole violation hearing, and was never given his final revocation hearing, in violation of the "due process" requirements set out inMorrissey v. Brewer (1972), 408 U.S. 471. Specifically, appellant alleges that while he was in the Summit County Jail awaiting trial on the 1996 charges, he should have been afforded his on-site hearing and that he never received his final hearing within a reasonable time.
The issue raised by appellant in his petition for writ of habeas corpus need not be addressed since the trial court was correct in its dismissal of appellant's petition.
Appellant, in his petition to the Common Pleas Court attached his December 6, 1996 commitment papers. He did not attach any of his other prior commitment papers, nor any relevant parole documents. R.C. 2725.04 (D) states as follows:
 "A copy of the commitment or cause of detention of such person shall be exhibited if it can be procured without impairing the efficiency of the remedy; or if the imprisonment or detention is without legal authority, such fact must appear."
The commitment papers are necessary for a complete understanding of the petition and without these papers, the petition is fatally defective. See Bloss v. Rogers (1992),65 Ohio St.3d 145. Failure to attach these commitment papers with the petition cannot be cured by a later submission. See Boyd v.Money (1998), 82 Ohio St.3d 388.
Next, as noted by appellee, appellant did not attach a list of prior civil actions he had filed, if any, to his petition. R.C. 2969.25 (A) requires that any inmate who commences a civil action or appeal against a government entity or employee (as in this case), file an affidavit describing each civil action or appeal filed within the previous five years. Failure to include the list of prior civil actions with his petition was also grounds for dismissal of the petition. See State ex rel. Zanders v. OhioParole Board (1998), 82 Ohio St.3d 421.
Also, even if appellant had attached his commitment papers and a list of prior civil actions, reversal of the trial court is unwarranted since appellant also failed to verify his petition in accordance with R.C. 2725.04. See McBroom v. Russell
(1996), 77 Ohio St.3d 47.
Assuming arguendo, that appellant had complied with all of the above requirements, his petition for writ of habeas corpus is still without merit. The parole board is not required to hold a hearing before revoking the parole of a parolee who has been convicted of a new offense. See Kellog v. Shoemaker (1996),927 F. Supp. 244. That court stated in headnote 3:
 "Appeal process for parolees, whose parole has been revoked based on conviction of subsequent felony committed while on parole, is not constitutionally required."
As noted by appellee, the hearing procedures required byMorrissey, supra are only applicable if the parole board exercises discretion in revoking a parole.
Also, the period of four months from December 6, 1996 until April 17, 1997 (when appellant was given his final hearing) was not an unreasonable delay.
For all the reasons cited above the decision of the trial court is affirmed.
Costs taxed against appellant.
EDWARD A. COX, PRESIDING JUDGE, GENE DONOFRIO, JUDGE JOSEPH J. VUKOVICH, JUDGE.