[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 317.]

[THE STATE EX REL.] THOMAS, APPELLANT, *v.* OHIO ADULT PAROLE
AUTHORITY, APPELLEE.

[Cite as *State ex rel. Thomas v. Ohio Adult Parole Auth.*, 2000-Ohio-181.]

*Mandamus sought to compel Ohio Adult Parole Authority to conduct a new parole
revocation hearing—Court of appeals' denial of writ affirmed.*

(No. 00-1208—Submitted October 17, 2000—Decided December 13, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1040.

_____

{¶ 1} In March 1991, appellant, Cleveland Thomas, was convicted of
selling counterfeit drugs and drug trafficking and sentenced to a term of four to
fifteen years in prison. In November 1994, Thomas was released on parole. In
November 1995, Thomas was convicted of drug abuse and sentenced to two years
in prison. In December 1997, Thomas was again released on parole, and in January
1999, he was convicted upon his guilty plea to trafficking in cocaine and sentenced
to a prison term of eleven months.

{¶ 2} As a member of the class of inmates subject to the consent decree in
*Kellogg v. Shoemaker* (S.D.Ohio 1996), 927 F.Supp. 244, Thomas was provided a
mitigation hearing in March 1999.[1] See Ohio Adm.Code 5120:1-1-21(E). At the
hearing, Thomas claimed that his January 1999 conviction for trafficking in cocaine
was improper because he did not sell drugs and because his parole officer "set him
up." In May 1999, appellee, the Ohio Adult Parole Authority ("APA") revoked his
parole for the March 1991 conviction and sentence.

_____

1. The class identified in the consent decree includes persons who are paroled for an offense
committed before September 1, 1992, who are subsequently convicted of committing a felony while
on parole, and whose parole is subject to revocation under Ohio Adm.Code 5120:1-1-21. 927
F.Supp. at 246.

**{¶ 3}** In September 1999, Thomas filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel the APA to conduct a new parole revocation proceeding. In May 2000, the court of appeals granted the APA's motion for summary judgment and denied the writ.

**{¶ 4}** This cause is now before the court upon an appeal as of right.

———————————

*Cleveland Thomas, pro se*.

*Betty D. Montgomery*, Attorney General, and *Dawn M. Tarka*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

**{¶ 5}** Thomas asserts that the court of appeals erred in denying the writ. He claims that the narrow issue in this appeal is whether the APA committed error by precluding him from raising the defense of entrapment in his parole revocation mitigation hearing.

**{¶ 6}** Thomas's assertion lacks merit. Even assuming that as a general proposition entrapment can be raised in revocation proceedings, the consent decree specifies that "[c]lass members may not relitigate the new felony conviction [upon which the parole violation is based] at the mitigation hearing." 927 F.Supp. at 247. This is consistent with the relevant due process considerations outlined by the United States Supreme Court in *Morrissey v. Brewer* (1972), 408 U.S. 471, 490, 92 S.Ct. 2593, 2605, 33 L.Ed.2d 484, 499 ("Obviously a parolee cannot relitigate [in a revocation proceeding] issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime"). The APA thus did not deprive Thomas of constitutional due process at his mitigation hearing by limiting the evidence concerning his claimed innocence of the crime to which he pled guilty.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____