DECISION AND JUDGMENT ENTRY
{¶ 1} Petitioner alleges that he is entitled to be returned to parole because he was not given a timely mitigation hearing to present evidence when his parole was revoked. Because we find no prejudice, we deny the requested relief and remand the prisoner to custody.
 {¶ 2} Petitioner is a member of the class entitled to a mitigation hearing under the consent decree in Kellogg v. Shoemaker (S.D.Ohio E.D., 1996), 927 F. Supp. 244, when parole is revoked. The class is composed of persons who were charged with an offense prior to September 1, 1992 and whose parole was revoked after that date because of conviction of a new felony.
 {¶ 3} Prior to September 1, 1992, petitioner was convicted of attempted aggravated burglary and sentenced to three to fifteen years imprisonment. He was subsequently paroled several times, but his last parole was revoked June 6, 2002, after he pled guilty to felony cocaine possession and was sentenced to eight months' incarceration. He was not afforded the mitigation hearing to which members of the Kellogg class are entitled.
 {¶ 4} On April 11, 2003, petitioner filed this action in habeas corpus claiming respondents' failure to afford him a mitigation hearing deprives him of due process of law and entitles him to release back to the parole that was unlawfully terminated. Pursuant to this court's order, respondents filed a return of the writ in which they admit that petitioner is a member of the Kellogg class and argue that because he is, this court lacks jurisdiction to hear this action in habeas corpus; and alternatively, that the issue is moot because petitioner has now been given the hearing required by the consent decree.
 {¶ 5} Under Section VI. a. of the consent decree, the federal court "retains jurisdiction over this Consent Decree for the purpose of its enforcement." Respondents assert, without citation, that this provision deprives this court of habeas corpus jurisdiction. Under, the consent decree, petitioner is entitled to a hearing with certain due-process safeguards. Thus, he could clearly have sought a hearing by application to the federal court. On the other hand, in this habeas corpus action, petitioner is seeking release from confinement because a hearing was not held, not merely a hearing. Thus, we find that the availability of the federal remedy to get a hearing does not preclude this action for release if one is denied. This court cannot be divested of its historic jurisdiction to issue writs of habeas corpus so easily. Nor does the fact that a hearing has now been held render moot the issue of whether the delay in holding a hearing entitles petitioner to release from custody. The issue of petitioner's right to release for an unreasonable delay remains.
 {¶ 6} The return shows that two weeks after petitioner filed his petition, on April 24, 2003, respondents identified him as a member of theKellogg class and gave him a mitigation hearing. Also on that date, petitioner signed a waiver stating that he was prepared to proceed with the hearing and was not requesting additional time to prepare, that he did not request the personal attendance of any witness, that he realized he had not been certified for representation by the Ohio Public Defender pursuant to the consent decree and he was electing to proceed without private counsel, and that he waived all formal notice provisions.
 {¶ 7} A digest of the mitigation hearing attached to the return as respondents' Exhibit D states that petitioner argued that if he had been identified as a Kellogg class member and allowed to present mitigating evidence before his parole revocation hearing on June 6, 2002, he would not have received "the thirty-two month continuance, which he was afforded." He also is said to have stated that the cause of his parole violation was that he was not given substance abuse screening or treatment while on parole. Based on such testimony, the hearing officer recommended that petitioner remain in prison.
 {¶ 8} The Kellogg consent decree bridged a gap created when the Ohio Adult Parole Authority amended a rule and eliminated mitigation hearings when a parole violation is based on the conviction of a new felony. An exception was made for parolees who were on parole for an offense committed before September 1, 1992, and whose parole was subsequently revoked. These persons are to be afforded the mitigation hearing of the old rule. "To the extent any plaintiff falls into this designated category, he is entitled under the old regulations to a meaningful hearing as described in Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)." Kellogg v. Shoemaker (1995),46 F.3d 503 (on remand to the district court prior to the consent decree).
 {¶ 9} Morrissey requires procedural due process in parole revocation hearings. "Minimum due process entitles parolees to certain rights, including the right to a hearing within a reasonable time. . . ."State ex rel. Jackson v. McFaul (1995), 73 Ohio St.3d 185, 186,652 N.E.2d 746, 748.
 {¶ 10} In Coleman v. Stobbs (1986), 23 Ohio St.3d 137,491 N.E.2d 1126, the Ohio Supreme Court set a standard for unreasonable delay in parole hearings involving first, a determination of whether delay in conducting a revocation hearing is unreasonable, and second, if it is unreasonable, whether the parolee suffered any prejudice. Here, we find a delay of eleven months before holding a hearing, in fact, holding a hearing only after petitioner filed for the writ, unreasonable. Certainly, the federal court that issued the consent decree did not have in mind eleven-month delays.
 {¶ 11} However, to establish a right to relief, petitioner must also show prejudice. In analyzing prejudice, three interests are weighed:"(1) prevention of oppressive prehearing incarceration, (2) minimization of anxiety and concern of the alleged parole violator, and (3) limitation of the possibility that delay will impair the accused parole violator's defense at his final parole revocation hearing." Stateex rel. Jackson v. McFaul (1995), supra, 73 Ohio St.3d at 188,652 N.E.2d at 749. The third interest is of primary importance. Jackson, supra,Flenoy v. Ohio Adult Parole Authority (1990), 56 Ohio St.3d 131, 136,564 N.E.2d 1060, 1065.
 {¶ 12} In this case, petitioner does not demonstrate prejudice. He presents no evidence on the first two elements of the Coleman test. Moreover, when finally given a belated hearing, he did not present witnesses and did not request a delay to present witnesses, and he voluntarily waived other procedural rights. According to the record, he only stated that had the mitigation hearing been held when his parole was revoked, June 6, 2002, he might not have received the full thirty-two month continuance.
 {¶ 13} In his response to the return of the writ, petitioner alleges that his belated mitigation hearing "violates every conceivable concept of procedural due process required for such a hearing." However, petitioner waived these rights. Moreover, a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief. Jackson, supra, 73 Ohio St.3d at 187, 652 N.E.2d at 748;State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 635 N.E.2d 26. Here, petitioner has not met this burden.
 {¶ 14} Petitioner has also filed a motion to admit a document omitted from his response to respondent's return of the writ and a motion to appoint counsel. The motion to admit the document is GRANTED. The motion to appoint counsel is DENIED. Petitioner is not entitled to counsel in these proceedings. State ex rel. Johnson v. Ohio Adult ParoleAuth., 90 Ohio St.3d 208, 211, 736 N.E.2d 469, 473, fn. 1.
PETITIONER REMANDED TO CUSTODY. Costs to petitioner.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.