[Cite as *State ex rel. McIntyre v. LaRose*, 2013-Ohio-5193.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. LEWIS LEROY McINTYRE, JR., | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | **CASE NO. 2013-T-0081** |
| | : | |
| - vs - | : | |
| | : | |
| CHRISTOPHER LaROSE, WARDEN, | : | |
| | : | |
| Respondent. | | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Lewis Leroy McIntyre, Jr.*, pro se, PID# A571-710, Trumbull Correctional Institution, P.O. Box 640, Leavittsburg, OH 44430 (Petitioner/Relator).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, Columbus, OH 43215 and *Gregory T. Hartke*, Assistant Ohio Attorney General, State Office Building, 11th Floor, 615 West Superior Avenue, Cleveland, OH 44113 (For Respondent).

PER CURIAM

{¶1} Before this court is Petitioner/Relator, Lewis Leroy McIntyre, Jr.'s, Petition for Writ of Habeas Corpus. The respondent, Christopher LaRose, Warden of the Trumbull Correctional Institute, has filed a Motion for Summary Judgment, Alternatively, to Dismiss, the Amended Petition. For the following reasons, Petitioner/Relator's Petition is hereby dismissed.

{¶2} On August 7, 2013, McIntyre filed a Petition for Writ of Habeas Corpus.

{¶3} According to the allegations of, and attachments to, the Petition, McIntyre was convicted, in 1991, of Felonious Assault and Aggravated Burglary with Firearm Specifications, following a jury trial in the Summit County Court of Common Pleas, Case No. CR-1991-01-0135. For the Felonious Assault, McIntyre was sentenced to an indeterminate sentence of eight to fifteen years in addition to a mandatory three-year sentence for the Firearm Specification; for the Aggravated Burglary, McIntyre was sentenced to an indeterminate sentence of eight to twenty-five years in addition to a mandatory three-year sentence for the Firearm Specification. All sentences were ordered to be served consecutively. *See State v. McIntyre*, 9th Dist. Summit No. 15348, 1992 Ohio App. LEXIS 2775 (May 27, 1992).

{¶4} In January 2008, McIntyre was granted parole and released from prison.

{¶5} In July 2009, McIntyre was convicted of Tampering with Evidence, Petty Theft, Tampering with Records, and Obstructing Justice, following a jury trial in the Summit County Court of Common Pleas, Case No. CR-2009-03-0647. McIntyre was sentenced to a definite sentence of four years for Tampering with Evidence; a definite sentence of four years for Tampering with Records; a definite sentence of one year for Obstructing Justice; and six months in the county jail for Petty Theft. All sentences were ordered to be served concurrently. *See State v. McIntyre*, 9th Dist. Summit No. 25292, 2010-Ohio-4658.

{¶6} On September 1, 2009, McIntyre signed a Waiver of Kellogg Mitigation Hearing.

{¶7} On September 11, 2009, McIntyre's parole was officially revoked.

2

{¶8} On March 21, 2012, the Ninth District Court of Appeals reversed McIntyre's sentence in C.P. No. CR-2009-03-0647, and remanded the case for resentencing, with instructions for the trial court to apply *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, and determine whether his convictions should merge. *State v. McIntyre*, 9th Dist. Summit Nos. 24934 and 24945, 2012-Ohio-1173, ¶ 17.

{¶9} At the resentencing hearing, on April 26, 2012, the trial court determined that the convictions for Tampering with Evidence and Tampering with Records should merge. The State elected to proceed on the charge of Tampering with Evidence, a felony of the third degree. McIntyre successfully argued that the amendments to the felony sentencing statutes, enacted by House Bill 86, applied to his resentencing. Accordingly, the court sentenced McIntyre to a prison term of thirty-six months, the maximum prison term for third-degree Tampering with Evidence under the amended statute. R.C. 2929.14(A)(3)(b).

{¶10} In his habeas corpus Petition, McIntyre contends that the trial court exceeded its authority under the law by reducing his sentence for Tampering with Evidence from four years to thirty-six months. According to McIntyre, the court was solely limited to merging the offenses on remand and could not alter the length of his sentence; therefore, the imposition of the thirty-six month sentence was void ab initio.

{¶11} McIntyre further maintains that his legal four-year sentence expired on May 8, 2013 (four years from the July 14, 2009 sentencing hearing less ninety-six days of jail time credit), at which time the Ohio adult parole authority was required to review his parole eligibility. McIntyre concludes:

3

{¶12} Because Petitioner has served and completed his lawfully imposed term of Four (4) years imposed by the trial court which resulted in Petitioner's parole being revoked. And the fact that the Ohio Adult Parole Authority has failed to timely review Petitioner for parole eligibility consideration hearing on or before the expiration of his four year term. The OAPA has lost jurisdiction over to now review Petitioner, and as such, Petitioner McIntyre is being illegally detained by Respondent and should be immediately released.

{¶13} On August 29, 2013, McIntyre filed an Amended Petition for Writ of Habeas Corpus. In the Amended Petition, McIntyre raised the claim that the Waiver of Kellogg Mitigation Hearing was invalid.

{¶14} On August 30, 2013, McIntyre filed a Motion for Appointment of Counsel, on the grounds that he is a class member entitled to counsel, pursuant to the terms of the Consent Decree set forth in *Kellogg v. Shoemaker*, 927 F.Supp. 244 (S.D.Ohio 1996).

{¶15} On September 6, 2013, this court issued an alternative writ, ordering LaRose to "file an answer, a motion to dismiss pursuant to Civil Rule 12(B), or a motion for summary judgment pursuant to Civil Rule 56 * * * within twenty-four days of the date of this judgment entry."

{¶16} On September 12, 2013, McIntyre filed a Motion for Default Judgment against the Respondent and a Request for Entry of Default Judgment to the Clerk of Courts, both filings based on LaRose's failure to answer.

4

**{¶17}** On September 17, 2013, McIntyre filed another Motion for Appointment of Counsel, based on his membership in the *Kellogg* class of plaintiffs.

**{¶18}** On September 27, 2013, LaRose filed the Respondent Warden's Motion for Summary Judgment, Alternatively, to Dismiss, the Amended Petition. While LaRose's filing correctly identified the case number assigned to this matter ("2013-T-81"), the filing's caption erroneously identified the respondent as "Bennie Kelley."

**{¶19}** On October 2, 2013, McIntyre filed a Motion for Default of Judgment against the Respondent, based on LaRose's alleged failure to file a timely answer or dispositive motion with respect to the initial habeas corpus Petition.

**{¶20}** Also on October 2, 2013, McIntyre filed a Motion to Strike the Respondent Warden's Attempted Motion for Summary Judgment, Alternatively, to Dismiss, the Amended Petition, based on the erroneous identification of the respondent in the caption.

**{¶21}** Also on October 2, 2013, McIntyre filed a Response Declaration in Opposition to Respondent's Motion for Summary Judgment, Alternatively, to Dismiss, the Amended Petition.

**{¶22}** "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01.

**{¶23}** Pursuant to Civil Rule 12(B)(6), a defendant may plead the "failure to state a claim upon which relief can be granted" by motion. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)),

5

it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. In making this determination, all factual allegations contained in the complaint must be presumed true and the non-moving party is entitled to the benefit of all reasonable inferences. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶24} "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Civ.R. 12(B).

{¶25} Pursuant to Civil Rule 56(C):

{¶26} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

6

{¶27} McIntyre's initial Petition for Writ of Habeas Corpus raised two claims, both of which are premised on the trial court's imposition of a thirty-six month prison sentence at the April 26, 2012 resentencing hearing being erroneous.

{¶28} It is well-established that "[s]entencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ," such as habeas corpus, since the petitioner has "adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error." *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5 (cases cited).

{¶29} Since McIntyre has an adequate remedy in the ordinary course of law to address the alleged error in sentencing, the initial Petition fails to state a claim for relief and must be dismissed.

{¶30} In the Amended Petition, McIntyre argues that his parole was improperly revoked in September 2009 and, since he has finished serving the illegal four-year prison sentence, he is being illegally detained.

{¶31} McIntyre's argument in the Amended Petition arises out of a class action lawsuit initiated by Ohio inmates following changes in the procedures for the revocation of a parolee's parole (or releasee's release) upon recommitment for a felony offense. Prior to September 1, 1992, such releasees were entitled to a mitigation hearing before the parole authority could revoke their release. Subsequent to that date, the revocation of release became automatic upon the releasee's recommitment without the parole authority exercising any discretion in the matter and, thereby obviating the need for a mitigation hearing. *Kellogg v. Shoemaker*, 46 F.3d 503, 505-506 (6th Cir.1995).[1]

---

1. Ohio Adm.Code 5120:1-1-21(A): "The adult parole authority shall revoke the release of any releasee who is recommitted to the department of rehabilitation and correction to serve a prison term for a felony

7

{¶32} The federal courts determined, however, that the new revocation procedures violated the ex post facto clause of the United States Constitution when applied to members of the class of plaintiffs "*who committed their initial crime before the new regulations came into effect but whose parole revocation proceedings will be governed by the new regulations.*" (Emphasis sic.) *Id.* at 510; *Kellogg*, 927 F.Supp. at 246 (defining the class of plaintiffs as "persons who are paroled for an offense committed prior to September 1, 1992, who are subsequently convicted of committing a felony while on parole, and whose parole is subject to revocation under Section 5120:1-1-21 of the Ohio Administrative Code").

{¶33} The lawsuit was settled by a Consent Decree, the terms of which were included in the published decision of *Kellogg v. Shoemaker*, 927 F.Supp. 244. According to the terms of the Decree, class members, such as McIntyre, have "[t]he right to a mitigation hearing to determine whether revocation of parole is appropriate," "[t]he right to advance notice of the class member's rights at the hearing," and, "[w]here the class member alleges that there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and the reasons are complex or otherwise difficult for the class member to develop or present, the right to be represented by the Ohio Public Defender or private counsel (at the member's expense)." *Id.* at 247 (Consent Decree, Paragraph V(a)(1), (3), and (6)).

{¶34} The mitigation hearing may be waived: "Each class member may choose knowingly, intelligently, and voluntarily to waive his or her mitigation hearing. The waiver of the right to a mitigation hearing shall be in writing and shall not be accepted by

sentence imposed upon him by any court in Ohio for an offense he committed while on any release granted by the adult parole authority."

8

the OPB Hearing Officer unless the class member has first been advised in writing (and orally if the class member is illiterate) of the rights set forth in Paragraph V(a) above." *Id.* (Consent Decree, Paragraph V(c)).

**{¶35}** The Waiver of Kellogg Mitigation Hearing, attached to McIntyre's initial Petition and LaRose's Motion for Summary Judgment, states:

**{¶36}** As of Sep 1, 2009, I have been offered the opportunity for a Kellogg Mitigation Hearing. I have considered the options available to me, and I knowingly, voluntarily and intelligently waive my right to a mitigation hearing. I have been offered no promises, assurances or guarantees. I sign this document intelligently, knowingly and voluntarily and do not request the assistance of counsel in executing this waiver.

**{¶37}** McIntyre acknowledges that he signed a written waiver of the mitigation hearing, but claims that "it's evidently clear that petitioner's * * * waiver is void from its inception." Petitioner's Response, at 3. Specifically, McIntyre contends he did not receive "advance notice" of his rights because they were presented to him on the same day that he waived them. McIntyre also contends that he was not advised "in writing" of his rights under the Consent Decree at the time he signed the waiver.

**{¶38}** McIntyre's arguments fail to raise a genuine issue of material fact regarding the validity of the waiver. Contrary to McIntyre's position, the waiver's invalidity is not "evidently clear" from the face of the document. The "advance notice" provision does not specify any particular amount of time that satisfies the provision. For the purpose of waiving his rights under *Kellogg*, there is nothing unreasonable about a

9

releasee deciding to waive those rights on the same day that he is advised of them. In total, there are only seven such rights and they may be comprehended in a relatively short period of time (although, in order to effectively exercise those rights at hearing, the releasee would need considerably more advance notice).

{¶39} Likewise, there is nothing on the face of the waiver that precludes the possibility that he had been advised of his rights "in writing." The written waiver indicates that McIntyre was offered the opportunity for a mitigation hearing, considered his available options, and knowingly, voluntarily, and intelligently waived both the hearing and the assistance of counsel. Nothing in the waiver indicates how McIntyre's rights were presented to him.

{¶40} Based on the record before us, LaRose satisfied his initial burden on summary judgment of demonstrating McIntyre's waiver of the *Kellogg* mitigation hearing. Thus, the burden shifted to McIntyre to demonstrate a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). McIntyre is not entitled to "rest upon the mere allegations or denials of the * * * pleadings, but [his] response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Rather than introducing evidence of the parole authority's failure to comply with the procedural requirements of the Consent Decree, McIntyre relies solely on the waiver itself which, as demonstrated above, does not create a reasonable inference that the parole authority failed to comply with *Kellogg*. Having failed to respond as directed by the Civil Rules, summary judgment shall be entered against McIntyre with respect to the Amended Petition. Civ.R. 56(E).

10

{¶41} McIntyre's requests for the appointment of counsel are based on the *Kellogg* Consent Decree. As McIntyre expressly declined the assistance of counsel in executing the mitigation hearing waiver and has failed to demonstrate the invalidity of the waiver, the present requests for the appointment of counsel are denied.

{¶42} McIntyre's Motion to Strike the Respondent's Motion for Summary Judgment is based on the erroneous identification of the respondent as Bennie Kelly in the Motion's caption. Despite the erroneous caption, the Motion correctly identified the case number, correctly identified the respondent as LaRose within the supporting memorandum, accurately described the procedural position of McIntyre's current habeas Petitions, and raised appropriate arguments in response thereto. Accordingly, McIntyre's Motion to Strike is overruled.

{¶43} With respect to McIntyre's Motions for Default Judgment, we note that LaRose timely filed his Motion for Summary Judgment, Alternatively, to Dismiss the Amended Petition on September 27, 2013, within twenty-four days of the alternative writ issued by this court on September 6, 2013. Accordingly, McIntyre's Motions for Default Judgment are overruled.

{¶44} Any and all other pending motions are overruled as moot.

{¶45} For the foregoing reasons, the Respondent Warden's Motion for Summary Judgment, Alternatively, to Dismiss the Amended Petition is granted. It is the order of this court that Petitioner/Relator's Petition for Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus are dismissed.


TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.

11