AL'SHAHID, APPELLANT, v. COOK, WARDEN, APPELLEE.

[Cite as *Al'shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079.]

(No. 2014–1686—Submitted February 3, 2015—Decided June 4, 2015.)

_____

**Per Curiam.**

{¶ 1} We affirm the Fourth District Court of Appeals' dismissal of petitioner-appellant Curtis Al'shahid's petition for a writ of habeas corpus because of procedural deficiencies in his petition.

*Facts and procedural history*

{¶ 2} Al'shahid was convicted of multiple felony offenses in 1990. He was granted parole in 2004. He was convicted of three new offenses while on parole. He was sentenced to a new nine-year aggregate term for the new offenses on December 28, 2005.

{¶ 3} Al'shahid was incarcerated for the new offenses in January 2006, and he alleges that unbeknownst to him, he was a member of the class of parolees entitled to a parole-revocation mitigation hearing under the consent decree upheld in *Kellogg v. Shoemaker*, 927 F.Supp. 244 (S.D.Ohio 1996). He alleges

that he was not informed of his right to a hearing. However, he did sign a *Kellogg* waiver on January 13, 2006.

{¶ 4} Before the expiration of Al'shahid's nine-year sentence, the parole board continued his sentence in the 1990 case for three years without a *Kellogg* hearing and, he alleges, without his parole on the 1990 offenses being revoked. He asserts that the document given to him by his case manager purporting to document his *Kellogg* waiver is inaccurate on key points.

{¶ 5} Al'shahid filed a petition for a writ of habeas corpus on June 19, 2014, and on July 25, 2014, respondent-appellee, Brian Cook, warden of the Pickaway Correctional Institution, filed a motion for summary judgment. The motion asserted that Al'shahid's petition had various fatal defects and that he had waived his *Kellogg* rights. In response, Al'shahid filed a memorandum arguing that the petition was sufficient and that the *Kellogg* waiver was obtained under false pretenses.

{¶ 6} The court of appeals dismissed the case. Al'shahid appealed.

## Analysis

{¶ 7} Al'shahid first argues that the court erred in dismissing his case under Civ.R. 12(B)(6), when only a motion for summary judgment under Civ.R. 56 had been filed. However, a court may dismiss a habeas petition sua sponte if the petition does not contain a facially valid claim. *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 271, 695 N.E.2d 254 (1998).

{¶ 8} Cook argues here, and the court below held, that Al'shahid failed to attach all his commitment papers to his petition in violation of R.C. 2725.04(D). Such a failure is fatal to a petition for habeas corpus. *State ex rel. McCuller v. Callahan*, 98 Ohio St.3d 307, 2003-Ohio-858, 784 N.E.2d 108, ¶ 4, citing *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 71, 765 N.E.2d 356 (2002), *Malone v. Lane*, 96 Ohio St.3d 415, 2002-Ohio-4908, 775 N.E.2d 527, at ¶ 6, and *Chari v. Vore*, 91 Ohio St.3d 323, 328, 744 N.E.2d 763 (2001). As pointed out by the court of appeals, the appellee presented evidence that Al'shahid had several convictions before the 1990 offenses. Without the commitment papers from those earlier offenses, that court was unable to calculate Al'shahid's actual maximum prison term. Al'shahid's petition therefore violates R.C. 2725.04(D).

{¶ 9} Moreover, Al'shahid also failed to include proper documentation for his affidavit of indigency in violation of R.C. 2969.25(C)(1). We have held that the requirements of R.C. 2969.25(C) are mandatory and that failure to comply subjects the complaint to dismissal. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1, and cases cited therein. Moreover, later filing of the proper statement does not cure the defect. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9.

{¶ 10} While Al'shahid did provide an affidavit of indigency and a statement of his inmate account, the statement does not set forth the balance of his inmate account for the preceding six months, as required by the statute. Rather, it covers the months of October 2013 through March 2014, while his petition was filed in June 2014. This renders his petition fatally defective. When the petitioner's cashier statement does not set forth the account balance for the month immediately preceding his mandamus complaint, his failure to comply with R.C. 2969.25(C)(1) warrants dismissal of the complaint. *State ex rel. Pamer v. Collier,* 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, ¶ 5, citing *State ex rel. Foster v. Belmont Cty. Court of Common Pleas,* 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

{¶ 11} Al'shahid's complaint is deficient and the court of appeals was correct in dismissing his case.

Judgment affirmed.

O'CONNOR, C.J., and LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in judgment only.

PFEIFER, J., dissents, would reverse the judgment of the court of appeals, and would grant the writ.

_____

Curtis Al'shahid, pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.