[Cite as *Forrest-Bey v. May,* 2020-Ohio-3482.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CHRISTOPHER M. FORREST-BEY, SR.

    Petitioner

-vs-

HAROLD MAY

    Respondent

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2020 CA 0044

O P I N IO N

CHARACTER OF PROCEEDINGS:    Writ of Habeas Corpus

JUDGMENT:    Dismissed

DATE OF JUDGMENT ENTRY:    June 24, 2020

APPEARANCES:

For Petitioner

CHRISTOPHER M. FORREST-BEY, SR.
A763516 Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, Ohio 44901

For Respondent

DAVID YOST
Ohio Attorney General

JERRI L. FOSNAUGHT
Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1}   On May 18, 2020, Petitioner, Christopher M. Forrest-Bey, Sr., filed a Petition for Writ of Habeas Corpus against Harold May, Warden of the Richland Correctional Institution. Mr. Forrest-Bey sets forth several grounds in support of his petition and based upon these grounds, he claims he should be released from prison. The grounds asserted by Mr. Forrest-Bey include: (1) the trial court lacked jurisdiction because of an unsigned warrant; (2) the trial court lacked jurisdiction over arrest warrants issued without any probable cause determination; and (3) the trial court lacked jurisdiction over arrest warrants issued by a clerk who works for the police department.

{¶2}   Due to the following deficiencies, Mr. Forrest-Bey's petition is not sufficient to maintain an action for habeas corpus and his petition is sua sponte dismissed. First, the petition is not verified as required by R.C. 2725.04. The failure to verify the petition requires dismissal. *State v. Vore*, 91 Ohio St.3d 323, 327, 744 N.E.2d 763 (2001); *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 272, 695 N.E.2d 254 (1998). Second, Mr. Forrest-Bey did not comply with R.C. 2725.04(D), which requires a copy of the commitment or cause of detention be attached to the petition for writ of habeas corpus. Without the commitment papers, the writ of habeas corpus is fatally defective. *Brown v. Rogers*, 72 Ohio St.3d 339, 341, 650 N.E.2d 422 (1995).

{¶3}   Third, Mr. Forrest-Bey filed an affidavit of indigency, but failed to include required documentation for his affidavit of indigency in violation of R.C. 2969.25(C)(1). Section (C)(1) requires a statement that sets forth the balance in the inmate's account for each of the preceding six months, as certified by the institutional cashier. The statutory requirements contained in R.C. 2969.25(C) are mandatory and failure to comply subjects

Mr. Forrest-Bey's petition to dismissal. *Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, 40 N.E.3d 1073, ¶ 9.

**{¶4}** For the foregoing reasons, we sua sponte dismiss Mr. Forrest-Bey's Petition for Writ of Habeas Corpus. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.

PETITION SUA SPONTE DISMISSED.

COSTS TO PETITIONER.

IT IS SO ORDERED.


By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur