[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. West v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2024-Ohio-3324.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-3324

THE STATE EX REL. WEST *v*. OHIO DEPARTMENT OF REHABILITATION AND CORRECTION ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. West v. Dept. of Rehab. & Corr.*, Slip Opinion No. 2024-Ohio-3324.]

*Mandamus—Relief sought not available in a mandamus action—Writ denied.*

(No. 2023-1130—Submitted July 23, 2024—Decided September 4, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ.

**Per Curiam.**

{¶ 1} Relator, Gerald A. West,[1] has filed a petition for a writ of mandamus, asking this court to compel respondents, the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority, to reinstate his parole and release him from custody. West asserts that when his prior parole was revoked in 1996 and in 2015, he was entitled to revocation hearings under the consent decree entered in *Kellogg v. Shoemaker*, 927 F.Supp. 244 (S.D.Ohio 1996), but that he never received them.

{¶ 2} We deny the writ because the relief West seeks, release from prison, is not available in a mandamus action.

## FACTS AND PROCEDURAL HISTORY

{¶ 3} West's incarceration began in 1985, after he was convicted of burglary, theft, and receiving stolen property, resulting in a sentence of 3 to 15 years in prison. He was released on parole in August 1989. Within a year, he was convicted of receiving stolen property and having a weapon while under a disability, each with a firearm specification. Those convictions resulted in a new prison sentence of 4 to 15 years, with a consecutive 3-year term for the firearm specification, both to be served consecutively to his prior sentence. He was again released on parole in September 1995.

{¶ 4} West returned to state custody in 1996 after a new conviction for receiving stolen property. He was released on parole in May 2003. Shortly thereafter, in August 2003, he was arrested for bank robbery. Following his

---

1. According to respondents, Gerald A. West is relator's legal name. However, he is incarcerated under the name Anthony Bailey.

conviction in federal court, he was sentenced to 12 years in federal prison. In 2015, he was returned to state custody after his release from federal custody.

{¶ 5} West filed his petition in this court in September 2023. He claims that based on his criminal history, he was entitled to *Kellogg* hearings when his parole was revoked in 1996 and in 2015.[2] West argues that he should be released on parole under the conditions of his original parole.

{¶ 6} Respondents filed a motion to dismiss asserting that West received a *Kellogg* hearing in 1998 and in 2015. They also argued that his claim is barred by res judicata, citing prior cases he had filed. This court denied respondents' motion, 2023-Ohio-4259, and issued an alternative writ and set a case schedule, 2023-Ohio-4695.

## ANALYSIS

{¶ 7} To state a claim for a writ of mandamus, a relator must show (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 2017-Ohio-5659, ¶ 3.

{¶ 8} West maintains that his parole revocations required hearings under *Kellogg* and that he did not receive them. Based on these alleged failures by respondents, West asks this court to order his release from confinement on parole.

{¶ 9} This court has repeatedly held that a writ of mandamus cannot be issued to release an inmate from prison. *See, e.g.*, *State ex rel. Adkins v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 171, 172 (1998) ("Habeas corpus, rather than mandamus, is the proper action for persons claiming entitlement to immediate release from prison."). Inmates cannot obtain release through a writ of mandamus, because such an option would permit them to create an end run around the special

---

2. Under the consent decree entered in *Kellogg*, 927 F.Supp. 244, a parolee whose offense was committed prior to September 1, 1992, and who was subsequently convicted of committing a felony while on parole is entitled to a parole-revocation hearing with certain rights. *Id.* at 246.

pleading requirements of habeas statutes. *State ex rel. Johnson v. Ohio Parole Bd.*, 80 Ohio St.3d 140, 141 (1997). Similarly, West's request that his parole be reinstated is not available in this action, as a mandamus petition can be used to seek a new parole hearing but not to reinstate parole. *See State ex rel. Cartwright v. Ohio Adult Parole Bd.*, 2023-Ohio-1717, ¶ 11.

{¶ 10} Finally, at the end of their brief, respondents request awards of court costs and attorney fees. We summarily reject this request because it was not formally made in a motion. *See* S.Ct.Prac.R. 4.01(A) ("an application for an order or other relief shall be made by filing a motion for the order or relief").

## CONCLUSION

{¶ 11} West's petition seeks a form of relief that is not available in a mandamus action. Therefore, the writ is denied. Respondents' request for court costs and attorney fees is denied.

Writ denied.

_____

Gerald A. West, pro se.

Dave Yost, Attorney General, and Marcy Vonderwell and John H. Bates, Assistant Attorneys General, for respondents.

_____