Bussey *v.* Maxwell, Warden.

(No. 39162—Decided May 5, 1965.)

*Mr. James Bussey, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner contends that he was denied his right to call counsel after his arrest and during his interrogation (petitioner made no statement other than as to his innocence during this time), that counsel was not appointed to represent him at his preliminary hearing and not until after he had pleaded to the indictment, that he was not properly represented by counsel, and that he was generally denied a fair trial.

In relation to petitioner's contention that he was not permitted to call counsel, respondent presented the testimony of the arresting officers.

Petitioner was arrested in Akron, held there about two hours and then taken to Canton.

Two Akron police officers participated in the arrest, one of

whom had known petitioner since he was a boy. In substance, these officers testified that they told petitioner that in view of the seriousness of the crimes with which he was charged he should get a lawyer, but that petitioner said that he did not want a lawyer, and that he was innocent and did not need a lawyer. Such officers testified that they suggested to petitioner that he should call his mother, but that he refused to do this.

Also presented as witnesses were a detective from Canton, Ohio, and a Stark County deputy sheriff. Both these officers participated in petitioner's arrest and subsequently took petitioner back to Canton. These officers also participated in the investigation of the crimes and the interrogation of petitioner. Their testimony corroborated the testimony of the Akron police officers. Such witnesses testified that they told petitioner on the way back to Canton and again at headquarters that he should get a lawyer, and that petitioner told them that his mother would get him an attorney if he needed one. The deputy sheriff testified also that after they had found the gun at the mother's house in Akron he told petitioner that he should obtain a lawyer, but that petitioner claimed that he was innocent. The only thing petitioner would say in relation to such testimony was that it was not true.

In view of the evidence presented by respondent, petitioner's claim that he was not allowed to call a lawyer does not bear substance. From the evidence it is apparent that petitioner was urged to call counsel but refused to do so.

The issues as to improper representation by counsel, denial of counsel at the preliminary stages of the prosecution and generally the denial of a fair trial are issues not cognizable in habeas corpus but must be raised by means of the statutory post-conviction remedy of appeal. *Walker* v. *Maxwell, Warden,* 1 Ohio St. 2d 136.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.