[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 57.]

HAIRSTON, APPELLANT, *v*. SEIDNER, WARDEN, APPELLEE.

[Cite as *Hairston v. Seidner*, 2000-Ohio-271.]

*Habeas corpus to compel prison warden to release relator from prison— Dismissal of petition affirmed.*

(No. 99-1728—Submitted January 26, 2000—Decided February 23, 2000.)

APPEAL from the Court of Appeals for Richland County, No. 99CA61.

————————————

{¶ 1} In August 1999, appellant, Clifford Hairston, filed a petition for a writ of habeas corpus to compel appellee, Warden Larry Seidner, to release him from prison. Hairston claimed that in two separate cases in 1996, he was convicted of a total of three counts of robbery and prior-aggravated-felony specifications and sentenced to prison. Although Hairston attached the sentencing judgment from one of his cases (case No. CR-322164), he failed to attach the sentencing judgment from his other case (case No. CR-325216). Instead, he attached a journal entry from the latter case ordering a presentence investigation report as well as a docket from that case, neither of which indicated his sentence in that case. The court of appeals *sua sponte* dismissed Hairston's petition.

{¶ 2} This cause is now before the court upon an appeal as of right.

————————————

*Clifford Hairston, pro se*.

*Betty D. Montgomery*, Attorney General, and *Laurence R. Snyder*, Assistant Attorney General, for appellee.

————————————

*Per Curiam.*

{¶ 3} We affirm the judgment of the court of appeals. Hairston did not attach all of his pertinent commitment papers to his habeas corpus petition. R.C. 2725.04(D); *State ex rel. Dozier v. Mack* (1999), 85 Ohio St.3d 368, 369, 708 N.E.2d 712, 713. A court of record speaks only through its journal entries, *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196, and Hairston failed to attach a sentencing entry from one of his criminal cases.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

1. We also deny Hairston's January 3, 2000 motion for emergency relief. Hairston is not entitled to an investigation concerning his claim that no docket index of this case was sent to him by the clerk of the court of appeals under S.Ct.Prac.R. V(3), and because of his defective petition, he suffered no prejudice even if his claim had merit.