[Cite as *Savage v. Sigsworth*, 2022-Ohio-4720.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Garry N. Savage, Sr.                                      Court of Appeals No.  E-22-047

      Petitioner

v.

Sheriff Paul Sigsworth                                   **DECISION AND JUDGMENT**

      Respondent                                         Decided:  December 28, 2022

* * * * *

Orville E. Stifel, II and John B. Gibbons, for Petitioner.

Dave Yost, Ohio Attorney General, and Maura O'Neill Jaite,
Senior Assistant Attorney General, for Respondent.

* * * *

**DUHART, J.**

**{¶ 1}** This matter is before the court on the November 29, 2022 motion to dismiss

and/or summary judgment motion of respondent, Sheriff Paul Sigsworth, filed in

response to the November 14, 2022 verified complaint for writ of habeas corpus filed by

petitioner, Garry Savage, Sr. Petitioner has not filed a response to the motion to dismiss and/or summary judgment motion within the time provided by App.R. 15. For the reasons that follow, we grant the motion to dismiss.

**Background Facts**

{¶ 2} The facts, taken from petitioner's complaint, are that petitioner is 78 years old and a life-long resident of Huron, Ohio. Since his honorable discharge from the Navy, having served during the Vietnam War era, he has worked as an independent investment advisor. He has no prior criminal record. He owns a real property in Huron, Ohio, maintains a business office in Norwalk, Ohio, owns a condominium in Naples, Florida, and has a business office in Bonita Springs, Florida.

{¶ 3} Petitioner was indicted by the Erie County grand jury on 86 counts of unlawful securities practice and related charges, in violation of R.C. 1707.44(B) and 1209.990. He was arrested in Florida, pursuant to a capias issued by the Erie County Common Pleas Court. Petitioner was held in jail in Florida until he was extradited to Ohio. He was arraigned an entered not guilty pleas to the charges.

{¶ 4} On May 10, 2022, petitioner's counsel filed a motion to reduce bond, in Erie County Common Pleas Court. On May 26, 2022, the trial court reset the bond in the amount of $100,000, along with electronic monitoring, home confinement and other conditions. Petitioner posted bond.

2.

{¶ 5} On August 2, 2022, the trial court entered an order revoking petitioner's bond for not being in compliance with the conditions of electronic monitoring. The trial court issued an arrest warrant and ordered petitioner to be taken into custody.

{¶ 6} On August 4, 2022, the trial court denied petitioner's pending motion to travel to Florida.

{¶ 7} On August 9, 2022, petitioner's counsel filed a motion with the trial court to reconsider the bond revocation order, and requested an evidentiary hearing. The trial court denied the motion and the request for an evidentiary hearing. Thereafter, counsel for petitioner again filed, with the trial court, a motion to reconsider the revocation of bond, and requested an evidentiary hearing. The trial court denied petitioner an evidentiary hearing.

{¶ 8} In his complaint, petitioner requests a writ commanding respondent to bring petitioner before the court "for the purposes of inquiring into the reasons for his detention" and requiring respondent to show cause why petitioner should not be released on reasonable bond or other conditions.

## Writ Granted/Motion Filed

{¶ 9} On November 29, 2022, we issued a decision granting the writ and ordering respondent to file a return of writ.

{¶ 10} On November 29, 2022, respondent filed his motion to dismiss and/or summary judgment motion. Respondent contends, inter alia, the petition must be

3.

dismissed as petitioner did not attach his commitment papers to the complaint, and alternatively, petitioner did not demonstrate he could not procure the paper without impairing his habeas remedy. Respondent further argues petitioner's R.C. 2969.25 affidavit is materially false, with respect to the statement that petitioner has not filed any civil actions or appeals in the previous five years. Respondent references three filings by petitioner within the past five years, and submits the petition must be dismissed as petitioner failed to comply with the mandatory filing requirement in R.C. 2969.25(A).

**Law**

{¶ 11} R.C. 2725.01 provides:

Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.

{¶ 12} A habeas petition must conform to certain statutory requirements. R.C. 2725.04 requires that the complaint be signed and verified, and it must specify or include: (A) the petitioner is imprisoned or restrained of his liberty; (B) the name of the person restraining the petitioner, if known; (C) the place the petitioner is imprisoned or restrained, if known; and (D) a copy of the commitment papers, if the commitment papers can be obtained without impairing the efficiency of the remedy.

4.

**{¶ 13}** The failure to attach all commitment papers to a petition for habeas corpus is fatal. *Al'shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, 40 N.E.3d 1073, ¶ 8.

**Analysis**

**{¶ 14}** Upon review,we find petitioner failed to attach any commitment papers to his complaint. The absence of commitment papers renders petitioner's habeas corpus complaint fatally flawed, thus we grant respondent's motion to dismiss, and dismiss petitioner's complaint.

**{¶ 15}** Writ dismissed without prejudice at petitioner's costs.

**{¶ 16}** The Clerk of Court is hereby directed to immediately serve upon all other parties a copy of this order in a manner prescribed by Civ.R. 5(B).

**{¶ 17}** It is so ordered.

Writ dismissed.


Christine E. Mayle, J.                            _____
                                                    JUDGE

Gene A. Zmuda, J.           

Myron C. Duhart, P.J.                          _____
CONCUR.                                                   JUDGE

                                                    _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.