[Cite as *State v. Savage*, 2024-Ohio-2497.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-23-053

      Appellee                            Trial Court No. 2021 CR 0428

v.

Garry Savage, Sr.                         **DECISION AND JUDGMENT**

      Appellant                           Decided:  June 28, 2024

* * * * *

Dave Yost, Ohio Attorney General, and
Daniel Kasaris and Anthony D. Cillo, Deputy
Attorneys General, for appellee.

Brent L. English, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} This accelerated, expedited appeal is before the court on the Erie County
Court of Common Pleas' October 6, 2023 judgment denying appellant Garry Savage's
motion to reinstate bond.  Upon review, the judgment is reversed and the matter
remanded for a bond hearing.

## I. Facts and Procedural Background

{¶ 2} On November 9, 2021, Savage was indicted by the Erie County Grand Jury on 86 felony counts relating to securities fraud. An arrest warrant was issued and a 2.39 million bond to be "secured by cash, surety or twice the value in property free and clear of any liens."

{¶ 3} In April 2022, Savage was arrested at his home in Florida. On May 10, 2022, Savage, through local counsel, requested a bond reduction. Savage argued that bond be lowered to $100,000, enabling his independent travel to Ohio for arraignment. He further argued that he was 78 years old and suffered from chest pains.

{¶ 4} On May 13, 2022, Savage, still in custody, was returned to Erie County, Ohio. At his May 16, 2022 arraignment he pleaded not guilty to all the charges. Savage filed a renewed motion for a bond reduction which included jointly recommended conditions.

{¶ 5} On May 26, 2022, the trial court granted the bond reduction motion and set a $100,000 bond subject to the following conditions: that Savage report to the Erie County Adult Probation Department ("APD") and that he be placed on house arrest with electronic monitoring; that Savage be allowed to leave his residence for employment (up to 50 hours weekly); that he be permitted to attend medical and attorney appointments and court-ordered activities; and he be allotted up to two hours of weekly grocery shopping. Savage was also required to surrender his U.S. passport and neither apply for nor obtain a new passport during ther pendency of the case.

2.

{¶ 6} On August 2, 2022, the court revoked Savage's bond based on the APD's disciplinary action report documenting his noncompliance with electronic monitoring. On August 8, 2022, Savage filed a motion for a hearing on bond revocation requesting an opportunity to be heard. Specifically, Savage claimed that the APD allowed him to travel to locations it should not have thus creating a "misunderstanding." On August 9, 2022, the motion was denied. The court concluded that it had explicitly set forth the bond conditions, including authorized locations, and that the APD denied any requests for travel to non-approved locations. The court further stated that Savage traveled to locations for which he had not requested permission.

{¶ 7} On October 7, 2022, Savage filed a motion to reinstate bond. Savage argued that due to his age and community connections he was not a flight risk. He stated that release on bond would allow him to attend to issues relating to the loss of his vehicles due to Hurricane Ian, various health concerns, and to prepare for trial. On October 12, 2022, the court summarily denied the motion.

{¶ 8} On January 12, 2023, a superseding indictment was filed charging Savage with 67 felony counts. The court continued the August 2, 2022 bond revocation. At his January 26, 2023 arraignment his bond revocation was again continued.

{¶ 9} On February 17, 2023, Savage moved the court to reinstate bond. Savage stressed the need to address his medical conditions. Savage also cited the newly enacted amendment to the Ohio Constitution regarding the presumption in favor of bail. The state opposed the motion. On March 9, 2023, the court again denied the motion.

3.

**{¶ 10}** On September 11, 2023, Savage filed his fourth motion to reinstate bond. The 53-page motion with multiple attachments detailed the events leading up to Savage's initial August 2022 bond revocation. The motion asserted that the facts evidenced that Savage did not willfully disobey the court's order such that his bond should have been revoked. Savage then argued that he met the R.C. 2937.011(E)(4) pretrial release factors. He further argued that Savage could aid in his defense and better prepare for the document heavy, complex trial if free on bond. Savage also stressed his health concerns. The State opposed the motion. On October 6, 2023, the trial court denied the motion rejecting Savage's explanations for his noncompliance with his bond conditions. This appeal followed.[1]

## II. Assignments of Error

**{¶ 11}** Savage raises three assignments of error on appeal:

1. A direct appeal from a trial court's denial of Appellant's motion to reinstate his pretrial bond and to release him on bail is legally appropriate.

2. The trial court committed reversible error by failing to conduct a prompt evidentiary hearing with respect to Appellant's motion to reinstate his bond and for release on bail.

---

[1] Savage commenced and this court dismissed two habeas corpus actions relating to the denials. *See Savage v. Sigsworth*, 2023-Ohio-2164 (6th Dist.); *Savage v. Sigsworth*, 2022-Ohio-4720 (6th Dist.).

3. The trial court erred and abused its discretion by failing to grant Appellant's motion to reinstate his bond and to release him so that he can assist his legal counsel in preparing his defense.

### III. Analysis

{¶ 12} In Savage's first assignment of error, he argues that the denial of a motion to reinstate bond is a final appealable order. The State and this court agree. *See State v. Williams*, 2022-Ohio-3858, ¶ 38 (6th Dist.), quoting *State v. Knowles*, 2022-Ohio-3264, ¶ 22 (6th Dist.); R.C. 2937.222(D). To the extent that this statement of law can be considered an "assignment of error" it is well-taken.

{¶ 13} Savage's second assignment of error, which the State concedes,[2] is that the court erred by denying his motion to reinstate bond prior to conducting an evidentiary hearing under R.C. 2937.222.

{¶ 14} An accused's right to bail shall not be denied unless the three requirements under R.C. 2937.222(B) are established by clear and convincing evidence. *Knowles* at ¶ 18. The October 6, 2023 order denying Savage's motion fails to reference the R.C. 2937.222(B) requirements. Accordingly, Savage's second assignment of error is well-taken.

{¶ 15} Based on the court's resolution of Savage's second assignment of error, his third assignment of error is moot and not well-taken.

### IV. Conclusion

---

[2]The court refers the State to 6th Dist.Loc.App.R. 10(H) for the proper procedure when submitting a concession of error.

5.

{¶ 16} Upon due consideration, the October 6, 2023 judgment of the Erie County Court of Common Pleas is reversed and the matter is remanded for a hearing in accordance with R.C. 2937.222.  Pursuant to App.R. 24, the State is ordered to pay the costs of this appeal.[3]

Judgment reversed
And remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.         _____
                              JUDGE

Myron C. Duhart, J.      

                                    _____

Charles E. Sulek, P.J.                                 JUDGE
CONCUR.

                                    _____
                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

---

[3]Savage's June 24, 2024 motion to expedite is rendered moot.

6.