[Cite as *Goodykoontz v. Harris*, 2025-Ohio-4511.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| DAVID GOODYKOONTZ, | : | CASE NO. CA2025-03-022 |
| Appellant, | : | |
| | : | OPINION AND JUDGMENT ENTRY 9/29/2025 |
| - vs - | : | |
| | : | |
| CHAE HARRIS, WARDEN, | : | |
| Appellee. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 25CV98376


David Goodykoontz, pro se.

Dave Yost, Ohio Attorney General, and Stephanie Watson, Principal Assistant Attorney General, for appellee.


**O P I N I O N**


**BYRNE, P.J.**

{¶ 1}  David Goodykoontz appeals from the decision of the Warren County Court of Common Pleas, General Division, which dismissed his petition for a writ of habeas corpus. For the reasons discussed below, we affirm the common pleas court's decision.

## I. Factual and Procedural Background

{¶ 2}   In 2022, Goodykoontz was convicted in the Cuyahoga County Court of Common Pleas of multiple criminal offense counts including pandering sexually-oriented matter involving a minor, illegal use of a minor in nudity-oriented material or performance, and gross sexual imposition. *State v. Goodykoontz*, 2023-Ohio-3243, ¶ 7, 9 (8th Dist.). The common pleas court imposed an aggregate prison term of 37 years on these counts. *Id*. at ¶ 9.

{¶ 3}   Goodykoontz directly appealed his convictions, raising four assignments of error, including challenges to the sufficiency and weight of the evidence. *Id* at. ¶ 10. The Eighth District Court of Appeals overruled these assignments of error and affirmed his convictions. *Id*. at ¶ 44.

{¶ 4}   In January 2025, Goodykoontz, while serving his prison term at the Warren Correctional Institution located in Warren County, Ohio, filed a pro se petition for a writ of habeas corpus in the Warren County Court of Common Pleas. In the petition, Goodykoontz raised 99 grounds in support. Respondent, Chae Harris, the warden of the Warren Correctional Institution, moved to dismiss the petition under Civ.R. 12(B)(6), asserting both procedural and substantive deficiencies in the filing.

{¶ 5}   The common pleas court dismissed the petition. The court found that the petition was legally deficient because Goodykoontz (1) failed to attach a copy of his commitment papers or cause of detention as required by R.C. 2725.04(D), and (2) failed to file an affidavit seeking waiver of filing fees as required by R.C. 2969.25(C). The common pleas court also addressed each of Goodykoontz's 99 grounds for relief on their merits and found that none stated appropriate grounds for habeas relief because

Goodykoontz had a different and adequate remedy at law to raise these arguments. Accordingly, the court dismissed Goodykoontz's petition.

{¶ 6} Goodykoontz appealed, pro se, raising 26 assignments of error.

## II. Law and Analysis

{¶ 7} For ease of analysis, we will address Goodykoontz's assignments of error out of the order presented in his appellate brief.

### A. Standard of Review

{¶ 8} We review de novo a court's Civ.R. 12(B)(6) dismissal of a habeas corpus petition. *State ex rel. Parker v. Black*, 2022-Ohio-1730, ¶ 6. Dismissal is appropriate if it appears beyond doubt from the petition, after taking all factual allegations as true, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus. *Orr v. Schweitzer*, 2021-Ohio-1786, ¶ 4.

### B. Compliance with Statutory Requirements

{¶ 9} Goodykoontz's 26th assignment of error states:

> THE CAUSE OF COMMITMENT PAPERS WAS INCLUDED IN THE FILING. THERE WERE WRONG REASONS FOR DISMISSAL.

{¶ 10} In his 26th assignment of error, Goodykoontz asserts that the common pleas court erred by dismissing his petition on the grounds that he failed to file commitment papers and a certified account statement.

#### 1. Commitment Papers

{¶ 11} The trial court dismissed Goodykoontz's petition in part because it concluded that he failed to attach commitment papers to his petition as required by R.C. 2725.04(D). Pursuant to that statute, a petition for the writ of habeas corpus must include "a copy of the commitment or cause of detention of such person." R.C. 2725.04(D). The

Ohio Supreme Court has held that to comply with this statute, "an inmate must attach all pertinent papers that caused his commitment, including sentencing entries and parole-revocation decisions." *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 6. The court has further held that the failure to comply with R.C. 2725.04(D) is "fatally defective" to a petition for habeas corpus. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992). The court explained,

> When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Id*. at 146. As such, the failure to attach commitment papers to a habeas petition requires dismissal. *Id.* at 145-46; *State ex rel. Arroyo v. Sloan*, 2015-Ohio-2081, ¶ 3, 7.

{¶ 12} Goodykoontz states that the trial court erred because his commitment papers were "attached" and "filed" but that "the clerk did not stamp" the commitment papers. We have reviewed the record. There is nothing in the record to support Goodykoontz's assertion that he filed sentencing entries or any other pertinent papers that caused his commitment.

{¶ 13} Goodykoontz did attach what appears to be a docket statement listing the various entries filed in his case. However, the Ohio Supreme Court has held that attaching a docket statement is not sufficient to comply with R.C. 2725.04(D). *Hairston v. Seidner*, 2000-Ohio-271, ¶ 1-3. In *Hairston*, the petitioner attached "a docket" to his petition, but the supreme court explained that "[a] court of record speaks only through its journal entries" and indicated that the petitioner had failed to attach a sentencing entry. *Id*. at ¶ 3.

{¶ 14} Therefore, Goodykoontz's docket statement was not sufficient to comply with R.C. 2725.04(D) and there is no other indication in the record that Goodykoontz included a copy of his commitment papers with his petition. Therefore, the common pleas court did not err in concluding that Goodykoontz failed to comply with R.C. 2725.04(D), and dismissal of Goodykoontz's petition was merited on this basis alone.

### 2. Certified Account Statement

{¶ 15} The common pleas court also dismissed Goodykoontz's petition because it concluded that he failed to file the account statement required by R.C. 2969.25(C). Under that statute, an inmate who files a civil action or appeal against a government entity or employee and who,

> seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C). The Ohio Supreme Court has explained that "[t]he requirements of R.C. 2969.25(C) are mandatory, and failure to comply with them subjects the complaint to dismissal." *Sloan*, 2015-Ohio-2081, at ¶ 4, citing *Hazel v. Knab*, 2011-Ohio-4608, ¶ 1.

{¶ 16} Goodykoontz filed an affidavit of indigency which contains a brief averment indicating he has no major assets and owes over $3,000 in court fees. Goodykoontz also filed an "affidavit of grievance" which related to a different certification required under R.C. 2969.26. To this document, he attached the account statement required by R.C

2969.25(C), which shows his inmate account in the appropriate time period, and which indicates he is in arrears consistent with the representation in his affidavit of indigence.

{¶ 17} It appears that Goodykoontz may have attached the account statement to the wrong document, and so the common pleas court may not have seen this document before issuing its ruling. In any event, because (as discussed above) Goodykoontz failed to comply with R.C. 2725.04(D) and such failure on its own required dismissal of Goodykoontz's habeas petition, the common pleas court's conclusion regarding compliance with R.C. 2969.25(C), even if erroneous, has no effect on the outcome of this assignment of error. We overrule Goodykoontz's 26th assignment of error.

### C. Remaining Assignments of Error

{¶ 18} Goodykoontz's remaining 25 assignments of error (Assignments of Error 1 thru 25) relate to purported errors in his trial in Cuyahoga County, and involve issues regarding the sufficiency and weight of the evidence supporting his convictions, speedy trial rights, ineffective assistance of counsel, immunity from prosecution, double jeopardy, due process, sentencing, and whether certain statutes under which he was charged and convicted were void for vagueness.

{¶ 19} R.C. Chapter 2725 addresses habeas corpus relief. R.C. 2725.01 provides that a writ of habeas corpus is available to persons who are "unlawfully restrained of [their] liberty." Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction. *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8; *Stever v. Wainwright*, 2020-Ohio-1452, ¶ 8. Habeas corpus is *not* available when the petitioner has an adequate remedy in the ordinary course

of law, unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8.

{¶ 20} Goodykoontz does not argue that his maximum sentence has expired and he is being held unlawfully. Goodykoontz does argue, in assignment of error number 18, that the Cuyahoga County trial court lacked jurisdiction. In that assignment of error, he asserts (without citation to authority) that the trial court lacked jurisdiction over him because he was a "federal agent" "doing his assigned duties or undercover operations" when he was accessing child exploitation materials on his personal electronic devices. However, this argument is essentially a recasting of other arguments in his petition that he was immune from prosecution, not that the trial court lacked jurisdiction to sentence him.

{¶ 21} Goodykoontz's argument that he was immune from state prosecution, as well as the other arguments he raised in the petition and has raised on appeal, could have been asserted at trial, assigned as error in his direct appeal, or brought forth in a petition for postconviction relief. Therefore, Goodykoontz had an adequate remedy at law to raise these arguments and they are not cognizable in habeas corpus. *Kneuss v. Sloan*, 2016-Ohio-3310, ¶ 6.

{¶ 22} "Habeas corpus 'is not and never was a post-conviction remedy for the review of errors or irregularities of an accused's conviction or for a retrial of the guilt or innocence of an accused.'" *Bellman v. Jago*, 38 Ohio St.3d 55, 56 (1988), quoting *Walker v. Maxwell*, 1 Ohio St.2d 136, 137 (1965). *Accord State ex rel. Tarr v. Williams*, 2006-Ohio-6368, ¶ 4 (finding that sufficiency of the evidence arguments improper in habeas corpus petition); *Wilson v. Hudson*, 2010-Ohio-4990, ¶ 1; *Bozsik v. Hudson*, 2006-Ohio-4356, ¶ 7 (ineffective assistance of counsel); *Junius v. Eberlin*, 2009-Ohio-2383, ¶ 1

(actual innocence); *State ex rel. Jaffal v. Calabrese*, 2005-Ohio-2591, ¶ 5 (sentencing errors); *Bussey v. Maxwell*, 2 Ohio St.2d 143, 144 (1965) (denial of right to fair trial); *Tucker v. McAninch*, 82 Ohio St.3d 423 (1998) (due process).

{¶ 23} Accordingly, we find that Goodykoontz's petition alleged no set of facts entitling him to habeas relief. *Schweitzer*, 2021-Ohio-1786, at ¶ 4. Therefore, even if Goodykoontz's petition was not fatally defective for failing to comply with R.C. 2725.04(D), the common pleas court would not have erred in dismissing Goodykoontz's petition. We overrule Assignments of Error 1 thru 25.

{¶ 24} Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.

---

# J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge