[Cite as *Goodykoontz v. Hunter-Stuff*, 2026-Ohio-2297.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| DAVID GOODYKOONTZ, | Case No. 2026 CA 0016 |
| Petitioner-Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2025-CV-0774R |
| ANGELA HUNTER-STUFF, Warden, | Judgment: Affirmed |
| Respondent-Appellee | Date of Judgment Entry: June 17, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; Kevin W. Popham, Judges

**APPEARANCES:** DAVID GOODYKOONTZ, #A792-642, Pro Se, for Petitioner-Appellant; STACEY M. ALPHONSE, Assistant Attorney General, for Respondent-Appellee.

*Baldwin, P.J.*

{¶1} Appellant David Goodykoontz appeals the decision of the trial court dismissing his petition for writ of habeas corpus. Appellee is Angela Hunter-Stuff, Warden, Richland Correctional Institute. For the reasons set forth below, we affirm the trial court's decision.

**STATEMENT OF FACTS AND THE CASE**

{¶2} The appellant was indicted in 2020 on eleven counts of pandering sexually oriented material involving a minor; twelve counts of illegal use of a minor in nudity-oriented material or performance; nine additional counts of pandering sexually oriented material involving a minor; and one count of possession of criminal tools. The indictment was based in part on evidence discovered when the Internet Crimes Against Children Unit

executed a search warrant on the appellant's home and discovered a substantial amount of child exploitative material on his computer. In addition, the appellant's IP address was connected to "peer-to-peer" programs which enabled individuals to access files containing exploitative materials on other users' computers anonymously.

{¶3} The matter proceeded to a jury trial in 2022. The appellant argued that he was a "federal agent" "doing his assigned duties or undercover operations." The appellant requested an affirmative defense jury instruction stating that he was engaged in the conduct for a bona fide governmental or judicial purpose. The trial court reviewed the request in light of the evidence presented and denied the appellant's request to give said jury instruction. The appellant was convicted on an amended indictment of seventeen counts of pandering sexually oriented matter involving a minor; eleven counts of illegal use of a minor in nudity-oriented material or performance; and, one count of possessing criminal tools. He was sentenced to thirty-seven years in prison and designated a Tier III Sex Offender.[1]

{¶4} The appellant appealed his conviction and sentence to the 8th District Court of Appeals, setting forth the following four assignments of error: the trial court abused its discretion when it failed to give the requested affirmative defense jury instruction; the conviction was not supported by sufficient evidence; the conviction was against the manifest weight of the evidence; and, the trial court erred when it imposed consecutive sentences. The 8th District affirmed the appellant's conviction and sentence in *State v. Goodykoontz,* 2023-Ohio-3243 (8th Dist.); *appeal dismissed* 2023-U.S. App. LEXIS

---

[1] The appellant had also been indicted and convicted on one count of gross sexual imposition after he caressed a child's buttocks at a local Dollar General. The trial court imposed the aggregate thirty-seven-year prison sentence for both cases.

25580 (6ᵗʰ Cir. Ohio, Sept. 27, 2023); *motion for delayed appeal denied,* 2024-Ohio-1832.

{¶5} The appellant has filed approximately nineteen cases since his conviction, including a petition for writ of habeas corpus in the Warren County court of common pleas on January 15, 2025. The Warren County common pleas court dismissed the petition, and the 12th District Court of Appeals affirmed the dismissal on September 29, 2025, in *Goodykoontz v. Harris,* 2025-Ohio-4511 (12th Dist.).

{¶6} On December 1, 2025, the appellant filed the current Petition for Habeas Corpus in the Richland County court of common pleas. The appellant argues in his current Petition that he is a classified undercover federal agent who was engaged in official acts in both the child pornography matter and the gross sexual imposition matter. The arguments set forth in the appellant's current Petition are a rehashing of the arguments he made during his 2022 trial on the underlying matters and the 8th District Court of Appeals' review and affirmance of the same, as well as a rehashing of the arguments set forth in the Warren County Petition. No new arguments are presented in the appellant's current Petition. Further, the appellant failed to attach commitment papers to his current Petition. In addition, while the appellant attached an Affidavit to his current Petition purporting to set forth nineteen civil actions and appeals, the list does not accurately set forth the details and outcomes of the cases listed therein, nor does it include the dates of final orders in said cases as required by R.C. 2969.25.

{¶7} On December 2, 2025, the trial court issued a notice, which was served upon all parties, advising the parties that the Petition was scheduled for decision on January 30, 2026, and that responses should be received no later than seven days prior to said date.

**{¶8}** The appellee filed a Motion to Dismiss on January 16, 2026, pursuant to Civ.R. 12(B)(6), asking the trial court to dismiss the appellant's petition for failure to state a claim upon which relief could be granted. On February 2, 2026, the appellant filed a motion for extension of time to file a brief in opposition to the Motion to Dismiss, and on February 6, 2026, filed an Opposition to Dismiss. On February 9, 2026, the trial court issued a Judgment Entry denying the appellant's motion for extension of time,[2] and a Judgment Entry granting the appellee's Motion to Dismiss.

**{¶9}** The appellant filed a timely appeal from the trial court's February 9th Judgment Entries. The Appellant's Brief does not set forth an Assignment of Error. Instead, it sets forth the following "Statement of Errors:"

"I. THERE ARE MANY ERRORS IN THE JUDGMENT, NAMELY THE RES JUDICATA AND ACCEPTANCE OF DECISIONS FROM ANOTHER COURT WHICH WERE DICTUM AND CLEARLY ERRONEOUS PER THE SUPREME COURT'S RULINGS. THE AFFIDAVITS WERE NOT MATERIALLY FALSE AND THE STATEMENT WAS RECENT ENOUGH. DISMISSAL WAS IN ERROR."

## STANDARD OF REVIEW

**{¶10}** We review a trial court's dismissal of a petition for habeas corpus de novo. *Goodykoontz v. Harris, supra,* at ¶ 8.

---

[2] The trial court noted in its February 9, 2026, Judgment Entry denying the appellant's motion for extension of time that it would have dismissed the appellant's Petition with or without the appellee's motion to dismiss because the Petition "was procedurally deficient, the arguments were barred by res judicata, and the Petitioner failed to state a claim entitling him to habeas relief."

## ANALYSIS

### *Res Judicata*

**{¶11}** The issues presented in the appellant's current Petition for Habeas Corpus were also presented in his petition before the Warren County court of common pleas. The 12th District Court of Appeals, when affirming the dismissal of the appellant's petition in that matter, stated:

Goodykoontz's remaining 25 assignments of error (Assignments of Error 1 thru 25) relate to purported errors in his trial in Cuyahoga County, and involve issues regarding the sufficiency and weight of the evidence supporting his convictions, speedy trial rights, ineffective assistance of counsel, immunity from prosecution, double jeopardy, due process, sentencing, and whether certain statutes under which he was charged and convicted were void for vagueness.

R.C. Chapter 2725 addresses habeas corpus relief. R.C. 2725.01 provides that a writ of habeas corpus is available to persons who are "unlawfully restrained of [their] liberty." Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction. *Leyman v. Bradshaw*, 146 Ohio St. 3d 522, 2016-Ohio-1093, ¶ 8, 59 N.E.3d 1236; *Stever v. Wainwright*, 160 Ohio St. 3d 139, 2020-Ohio-1452, ¶ 8, 154 N.E.3d 55. Habeas corpus is *not* available when the petitioner has an adequate remedy in the ordinary course of law, unless the trial court's judgment is void for

lack of jurisdiction. *State ex rel. Davis v. Turner*, 164 Ohio St. 3d 395, 2021-Ohio-1771, ¶ 8, 172 N.E.3d 1026.

Goodykoontz does not argue that his maximum sentence has expired and he is being held unlawfully. Goodykoontz does argue, in assignment of error number 18, that the Cuyahoga County trial court lacked jurisdiction. In that assignment of error, he asserts (without citation to authority) that the trial court lacked jurisdiction over him because he was a "federal agent" "doing his assigned duties or undercover operations" when he was accessing child exploitation materials on his personal electronic devices. However, this argument is essentially a recasting of other arguments in his petition that he was immune from prosecution, not that the trial court lacked jurisdiction to sentence him.

Goodykoontz's argument that he was immune from state prosecution, as well as the other arguments he raised in the petition and has raised on appeal, could have been asserted at trial, assigned as error in his direct appeal, or brought forth in a petition for postconviction relief. Therefore, Goodykoontz had an adequate remedy at law to raise these arguments and they are not cognizable in habeas corpus. *Kneuss v. Sloan*, 146 Ohio St. 3d 248, 2016-Ohio-3310, ¶ 6, 54 N.E.3d 1242.

"Habeas corpus 'is not and never was a post-conviction remedy for the review of errors or irregularities of an accused's conviction or for a retrial of the guilt or innocence of an accused.'" *Bellman v. Jago*, 38 Ohio St.3d 55, 56, 526 N.E.2d 308 (1988), quoting *Walker v. Maxwell*, 1 Ohio St.2d 136, 137, 205 N.E.2d 394 (1965). *Accord State ex rel. Tarr v. Williams*,

112 Ohio St. 3d 51, 2006-Ohio-6368, ¶ 4, 857 N.E.2d 1225 (finding that sufficiency of the evidence arguments improper in habeas corpus petition); *Wilson v. Hudson*, 127 Ohio St. 3d 31, 2010-Ohio-4990, ¶ 1, 936 N.E.2d 42; *Bozsik v. Hudson*, 110 Ohio St. 3d 245, 2006-Ohio-4356, ¶ 7, 852 N.E.2d 1200 (ineffective assistance of counsel); *Junius v. Eberlin*, 122 Ohio St. 3d 53, 2009-Ohio-2383, ¶ 1, 907 N.E.2d 1179 (actual innocence); *State ex rel. Jaffal v. Calabrese*, 105 Ohio St. 3d 440, 2005-Ohio-2591, ¶ 5, 828 N.E.2d 107 (sentencing errors); *Bussey v. Maxwell*, 2 Ohio St.2d 143, 144, 207 N.E.2d 244 (1965) (denial of right to fair trial); *Tucker v. McAninch*, 82 Ohio St.3d 423, 1998- Ohio 220, 696 N.E.2d 595 (1998) (due process).

Accordingly, we find that Goodykoontz's petition alleged no set of facts entitling him to habeas relief. *Schweitzer*, 2021-Ohio-1786, at ¶ 4. Therefore, even if Goodykoontz's petition was not fatally defective for failing to comply with R.C. 2725.04(D), the common pleas court would not have erred in dismissing Goodykoontz's petition. We overrule Assignments of Error 1 thru 25.

*Goodykoontz v. Harris*, supra, at ¶¶ 18-23.

The Ohio Supreme Court discussed the doctrine of res judicata in *Norwood v. McDonald,* 142 Ohio St. 299 (1943):

A comprehensive definition of res judicata is as follows: 'The doctrine of res judicata is that an existing final judgment rendered on the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their

privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

*Id.* at paragraph 1 of the syllabus, and 305; *overruled on other grounds in Grava v. Parkman Township*, 78 Ohio St.3d. 379, 382.

**{¶12}** The Ohio Supreme Court discussed the application of res judicata to successive petitions for habeas corpus in the case of *Fortson v. Bradshaw*, 2006-Ohio-2291. Fortson was convicted of aggravated murder in June of 2000 and sentenced to life in prison with the possibility of parole after twenty years. In October of 2003, Fortson filed a writ of habeas corpus with the court of appeals; the court of appeals dismissed the writ, and the Ohio Supreme Court affirmed the dismissal. Fortson filed three additional petitions for habeas corpus, all of which were dismissed in 2004 and 2005. In September of 2005, Fortson filed yet another petition for a writ of habeas corpus with another court of appeals, setting forth the same arguments, just as the petitioner has done in this case. Fortson's September 2005 petition was dismissed; the dismissal was affirmed by the Ohio Supreme Court, who stated:

> The court of appeals properly dismissed Fortson's petition because res judicata barred Fortson from filing a successive habeas corpus petition. *State ex rel. Rash v. Jackson,* 102 Ohio St.3d 145, 2004 Ohio 2053, 807 N.E.2d 344, P10-11. Since Fortson previously raised the issue of the alleged dismissal of his aggravated-murder charge, he may not use habeas corpus to gain successive appellate reviews of the same issue. *Agee v. Russell* (2001), 92 Ohio St.3d 540, 548, 2001 Ohio 1279, 751 N.E.2d 1043.

> Moreover, Fortson failed to comply with R.C. 2969.25(A), which required that he file an affidavit describing each civil action or appeal from

a civil action that he had filed in the previous five years in any state or federal court. His belated attempt to file the required affidavit does not excuse his noncompliance. *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003 Ohio 5533, 797 N.E.2d 982, P9.

*Id.* at ¶ 11-12.

**{¶13}** The appellant herein has also filed a successive petition for habeas corpus, first in the Warren County court of common pleas, the dismissal of which was affirmed by the 12th District Court of Appeals, and then in the Richland County court of common pleas. Both petitions set forth the same arguments: the appellant was wrongfully convicted because he was a federal agent working in a sting operation. The appellant implies that the previously filed petition was dismissed on a technicality without a review of his substantive arguments. This, however, is inaccurate. While the 12th District addressed the commitment paper and certified accounting statement deficiencies in the appellant's petition (deficiencies that are also present herein), it also addressed the substance of the appellant's petition. The appellant's petition in the case sub judice is barred by res judicata, and the trial court did not err in dismissing the appellant's petition.

### *Failure to State a Claim*

**{¶14}** Even if it were not barred by res judicata, the appellant's Petition fails to state a claim upon which relief can be granted. The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of a complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95 (1995). If a petition does not satisfy the requirements for a properly filed petition for writ of habeas corpus, or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 2005-Ohio-2383, ¶ 5 (7th Dist.).

**{¶15}** R.C. 2725.04 addresses applications for a writ of habeas corpus, and states:

Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

(A)　That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

(B)　The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended;

(C)　The place where the prisoner is so imprisoned or restrained, if known;

(D)　A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

The appellant failed to attach a copy of the commitment or cause of his detention to his petition. That alone is fatal. As set forth in *Savage v. Sigsworth*, 2022-Ohio-4720, (6th Dist.):

A habeas petition must conform to certain statutory requirements. R.C. 2725.04 requires that the complaint be signed and verified, and it must specify or include: (A) the petitioner is imprisoned or restrained of his liberty; (B) the name of the person restraining the petitioner, if known; (C) the place the petitioner is imprisoned or restrained, if known; and (D) a

copy of the commitment papers, if the commitment papers can be obtained

without impairing the efficiency of the remedy.

The failure to attach all commitment papers to a petition for habeas

corpus is fatal. *Al'shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, 40

N.E.3d 1073, ¶ 8.

*Id.* at ¶ 12-13.

{¶16} Moreover, to be entitled to habeas corpus, "a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 2019-Ohio-4113, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. Habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 2013-Ohio-1719, ¶ 8. In this case, not only did an adequate legal remedy exist, but the appellant also availed himself of said remedy when he appealed the verdict and sentence following his 2022 jury trial.

{¶17} While habeas corpus may lie in certain extraordinary circumstances "where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved," it can only do so where there is no adequate remedy at law, for example, appeal or postconviction relief. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186 (1995). And even when an adequate remedy does not exist, habeas corpus relief generally is appropriate only when "the petitioner's maximum sentence has expired and he is being held unlawfully." *Heddleston v. Mack*, 84 Ohio St.3d 213, 214 (1998).

{¶18} In the case sub judice, the appellant has already availed himself of adequate remedies at law, having appealed his original convictions and sentence to the 8th District

Court of Appeals, as well as to the Ohio Supreme Court. Furthermore, the appellant's maximum sentence has not expired, as his release date is not scheduled until 2056. Accordingly, the trial court did not err in dismissing the appellant's petition.

## CONCLUSION

{¶19} Based upon the foregoing, we find the appellant's "statement of errors" to be without merit, and the decision of the Richland Conty Court of Common Pleas is hereby affirmed.

{¶20} Costs to appellant.

By: Baldwin, P.J.

King, J. and

Popham, J. concur.